# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESHA MICHAEL CARTER,<br><br>        Petitioner,<br><br>   v.<br><br>N. GRANNIS,<br><br>        Respondent. | 1:09-cv-01457-BAK-GSA HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PETITION FORM FOR FILING CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. § 1983 |

     Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On August 19, 2009, Petitioner filed his petition for writ of habeas corpus.  (Doc. 1).  On August 27, 2009, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes.  (Doc. 3).

     In his petition, Petitioner, raises the following claims: (1) Respondent wrongfully made a "gang validation" determination based on information from another inmate that Petitioner intended to assault a prison officer, and Respondent's determination resulted in Petitioner's confinement in the Special Housing Unit ("SHU"); (2) prison officers engaged in acts of

retaliation against Petitioner and conspired to cover up the lack of legal justification for placing Petitioner in the SHU ; and (3) denial of Petitioner's due process rights by Respondent's failure to follow California law and state regulations in making the gang validation.  (Doc. 1, p. 1-18). Petitioner seeks only declaratory and injunctive relief regarding his due process rights to know what evidence was used in the gang validation, to expunge Petitioner's inmate file, and to be released from the SHU.  (Doc. 1, p. 19).

## **DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.  In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, Petitioner contends that Respondent violated Petitioner's constitutional rights by making an adverse "gang validation" that resulted in Petitioner's confinement in the SHU and that Respondent's employees engaged in a coverup of the errors in the procedures resulting in Petitioner's placement in the SHU.   Petitioner does not challenge either the underlying conviction or his sentence.  As such, Petitioner is challenging the conditions of his confinement, rather than the fact or duration of that confinement.  Accordingly, Petitioner is not entitled to habeas corpus relief, and this petition must be dismissed.  Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

**ORDER**

Accordingly, the Court HEREBY ORDERS:

1. That the petition for writ of habeas corpus (Doc. 1), is DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas corpus relief;

2. That the Clerk of Court is DIRECTED to send Petitioner the standard form for claims pursuant to 42 U.S.C. § 1983.

IT IS SO ORDERED.

Dated:   **December 9, 2009**              **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE