# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DESHA MICHAEL CARTER, | ) | 1:09-cv-01457-BAK-GSA HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS FOR LACK OF |
| v. | ) | JURISDICTION |
| | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT TO |
| N. GRANNIS, | ) | SEND PETITION FORM FOR FILING CIVIL |
| | ) | RIGHTS COMPLAINT PURSUANT TO 42 |
| Respondent. | ) | U.S.C. § 1983 |
| | ) | |
| | | ORDER DECLINING TO ISSUE |
| | | CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On August 19, 2009, Petitioner filed his petition for writ of habeas corpus.  (Doc. 1).  On August 27, 2009, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes.  (Doc. 3).

In his petition, Petitioner, raises the following claims: (1) Respondent wrongfully made a "gang validation" determination based on information from another inmate that Petitioner intended to assault a prison officer, and Respondent's determination resulted in Petitioner's

1

confinement in the Special Housing Unit ("SHU"); (2) prison officers engaged in acts of retaliation against Petitioner and conspired to cover up the lack of legal justification for placing Petitioner in the SHU ; and (3) denial of Petitioner's due process rights by Respondent's failure to follow California law and state regulations in making the gang validation.  (Doc. 1, p. 1-18).  Petitioner seeks only declaratory and injunctive relief regarding his due process rights to know what evidence was used in the gang validation, to expunge Petitioner's inmate file, and to be released from the SHU.  (Doc. 1, p. 19).

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.  In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, Petitioner contends that Respondent violated Petitioner's constitutional rights by making an adverse "gang validation" that resulted in Petitioner's confinement in the SHU and that Respondent's employees engaged in a coverup of the errors in the procedures resulting in Petitioner's placement in the SHU.   Petitioner does not challenge either the underlying conviction or his sentence.  As such, Petitioner is challenging the conditions of his confinement, rather than the fact or duration of that confinement.  Accordingly, Petitioner is not entitled to habeas corpus relief, and this petition must be dismissed.  Should Petitioner wish to pursue his claims, Petitioner

1  must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

2        The Court also declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>    (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

      If a court denied a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

      In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, the Court HEREBY ORDERS:

1. That the petition for writ of habeas corpus (Doc. 1), is DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas corpus relief;

2. That the Clerk of Court is DIRECTED to send Petitioner the standard form for claims pursuant to 42 U.S.C. § 1983; and,

3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **December 10, 2009**             /s/ Gary S. Austin
                                        UNITED STATES MAGISTRATE JUDGE